**YI HUI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3468–ag.

United States Court of Appeals, Second Circuit.

May 19, 2006.

Yuming Wang, Wynnewood, Pennsylvania, for Petitioner.

John W. Stone, Jr., Assistant United States Attorney, Middle District of North Carolina (Anna Mills Wagoner, United States Attorney, on the brief), Greensboro, North Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition is GRANTED, the BIA's June 9, 2005 order is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order.

Yi Hui Lin (A 95–838–149) petitions for review of the June 9, 2005 BIA order affirming without opinion the decision of Immigration Judge ("IJ") Paul DeFonzo, in which he denied Lin's application for

asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, "we review the IJ's decision directly as the final agency determination." *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will not disturb such findings so long as they are "supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Id.* at 73 (internal quotation marks omitted).

However, the fact that an IJ's decision rests on credibility grounds does not "insulate" it from review. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). The IJ must provide "specific, cogent reasons" that "bear a legitimate nexus" to his adverse credibility determination. *Id.* We will vacate an adverse credibility determination if it rests on "a misstatement of facts in the record" or is the product of "bald speculation or caprice." *Zhang*, 386 F.3d at 74.

In finding petitioner's claim of forcible sterilization incredible, the IJ relied on three purported inconsistencies between petitioner's testimony and written materials. None of those findings is supported by substantial evidence.

First, the IJ concluded that the "entire incident of September 17, 1989"—when cadres allegedly seized petitioner forcibly and took her to be sterilized—was "nowhere referenced" in petitioner's documentation. However, petitioner's husband's letter sets forth that on that date "three cadres came to our house and took my wife forcibly to Changle hospital." Further, the notes of the asylum officer who interviewed petitioner set forth that cadres "caught her and took her to hospital for sterilization" and that the sterilization was "forcible[ ]." It is immaterial that the documentation does not literally set forth that the husband "argued" with the cadres or that petitioner was "arrested." Since the documents describe petitioner's alleged forcible seizure, these purported inconsistencies are merely semantic. Further, they are "minor and isolated," and the testimony and corroborating documents are "generally consistent, rational, and believable." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

Second, the IJ concluded that petitioner's testimonial description of hiding and working in a Suting brick factory was "nowhere mentioned in her written request for relief" and that the husband's letter did not "mention[ ] the period of hiding." The IJ again misstated the facts. The asylum officer's interview notes explicitly set forth that petitioner claimed that after being sterilized she hid in a "brick factory, where she worked." Further, the husband's letter provides that after the authorities harassed them they had to leave their "hometown" and go "into hiding in another place"—another apparent reference to Suting that the IJ overlooked.

Third, the IJ faulted petitioner for failing immediately to note, during the IJ's aggressive cross examination of her, the alleged forcible insertion of an IUD prior to her sterilization. However, the record makes clear that petitioner, struggling under a language deficiency and obviously rattled by the IJ's aggressive questioning, believed that the IJ was asking about events subsequent to her sterilization, which naturally would exclude her allegations about the IUD.

Finally, we note that the IJ's demeanor and comments to petitioner were entirely inappropriate and undercut the reliability of the proceedings. The IJ's consistent hostility toward petitioner unnerved her to the point where she was unable to testify either fully or coherently. On several occasions, the IJ unjustifiably threatened to end the hearing and order petitioner deported on the spot. Ultimately, the IJ concluded that he "[didn't] care about [petitioner's] answers." Such "bullying" and disregard for petitioner's case is more than discourteous—it deprives petitioner of a reasonable opportunity to present evidence on her behalf and illustrates that the IJ did not consider the evidence that petitioner managed to elicit. *See Abou Cham v. Att'y General,* 445 F.3d 683, 690–92 (3d Cir.2006). These aspects of the proceedings further undermine the IJ's credibility determination.

Accordingly, we GRANT the petition for review, VACATE the BIA's June 9, 2005 order, and REMAND to the BIA. Should the BIA further remand to an IJ, we "strongly urge," *Huang v. INS,* 436 F.3d 89, 101–02 (2d Cir.2006), the BIA to refer this case to a different IJ in light of IJ DeFonzo's "transparent animosity" toward petitioner, *Shu Ling Ni v. BIA,* 439 F.3d 177, 180 (2d Cir.2006). *See also Cham,* 445 F.3d at 694 (3d Cir.2006). The pending motion for a stay of removal is DENIED as moot.